**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL MAAS RISENHOOVER, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-01033 (UNA) |
| | ) | |
| ANTONY JOHN BLINKEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No.

1, and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant the IFP

application, and it will dismiss the complaint without prejudice for the reasons explained below.

Plaintiff, a resident of Taiwan, sues the United States Secretaries of State and Commerce.

The complaint is disorganized, rambling, and almost entirely incomprehensible. The allegations

themselves are vague, amalgamated, and confused, and the pleading vacillates between myriad

unrelated topics, including, but not limited to: ophthalmology, "brain-control weaponry," and

"invisible Mind reading Thoughts Medical network," "coerced organ or bodily tissue

transplantation," "harmful or deadly 'directed energy' or EM electromagnetic systems by foreign

entities," "Havana Syndrome," and "paranormal experiences or capabilities."  Plaintiff also

intersperses, by cutting and pasting directly into the complaint, segments of correspondence that

he has seemingly exchanged with various entities and individuals regarding attempted Freedom of

Information Act ("FOIA") requests, seeking information related to the aforementioned subject

areas, and he broadly seeks to compel the disclosure of information.

Plaintiff also demands that this court "[r]econsider all decisions dismissed for purportedly

fanciful claims and inadequate proffers of evidence, as the more than 800 redacted pages alone

demonstrate the general Government of the United States take 'brain control weaponry' under Chinese development to be a serious national security and foreign affairs matter" and then "send certified copies of the Order [granting such] Relief to all Clerks, of information, nationwide, and to the Clerks of the superior command responsibility Court in this District, and her sister Appellate Circuits nationwide, and also of information, to the Honorable, the Chief Justice of the United States, and his Associate Justices, and their Clerk."

First, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely into this category. Neither the court nor the defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's subject matter jurisdiction over plaintiff's entitlement to relief, if any.

Second, to the extent that plaintiff is attempting to raise a claim under the FOIA, he has failed to do so.  The FOIA authorizes suit against federal agencies but does not create a right of action against individuals.  *United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990). Here, plaintiff has sued only individual defendants, which is improper.  *Id.*   Furthermore, FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Plaintiff's allegations are impossible to follow and do not make clear that a federal agency improperly withheld records responsive to a properly submitted FOIA request.  *See Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)).

For all of these reasons, the complaint, and this case, are dismissed without prejudice. The pending motion for CM/ECF password, ECF No. 3, is denied as moot.  A separate order accompanies this memorandum opinion.

Date: May 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge